IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| James Junior Goodman, | ) | C/A No. 0:19-780-PJG |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| Andrew Saul, Commissioner of Social Security,[1] | ) | |
| | ) | |
| Defendant. | ) | |

This social security matter is before the court pursuant to Local Civil Rule 83.VII.02 (D.S.C.) and 28 U.S.C. § 636(c) for final adjudication, with the consent of the parties, of the plaintiff's petition for judicial review. The plaintiff, James Junior Goodman, brought this action pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3) to obtain judicial review of a final decision of the defendant, Commissioner of Social Security ("Commissioner"), denying his claims for Disability Insurance Benefits ("DIB"). Having carefully considered the parties' submissions and the applicable law, the court concludes that the Commissioner's decision should be reversed and that the case should be remanded for further consideration as explained below.

## SOCIAL SECURITY DISABILITY GENERALLY

Under 42 U.S.C. § 423(d)(1)(A) and (d)(5), as well as pursuant to the regulations formulated by the Commissioner, the plaintiff has the burden of proving disability, which is defined as an "inability to do any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 20 C.F.R.

---

[1] Pursuant to Federal Rule of Civil Procedure 25(d), Andrew Saul is substituted as the named defendant because he became the Commissioner of Social Security on June 17, 2019.

§ 404.1505(a); see also Blalock v. Richardson, 483 F.2d 773 (4th Cir. 1973). The regulations require the Administrative Law Judge ("ALJ") to consider, in sequence:

    (1)    whether the claimant is engaged in substantial gainful activity;

    (2)    whether the claimant has a "severe" impairment;

    (3)    whether the claimant has an impairment that meets or equals the requirements of an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1 ("the Listings"), and is thus presumptively disabled;

    (4)    whether the claimant can perform his past relevant work; and

    (5)    whether the claimant's impairments prevent him from doing any other kind of work.

20 C.F.R. § 404.1520(a)(4).[2] If the ALJ can make a determination that a claimant is or is not disabled at any point in this process, review does not proceed to the next step. Id.

Under this analysis, a claimant has the initial burden of showing that he is unable to return to his past relevant work because of his impairments. Once the claimant establishes a *prima facie* case of disability, the burden shifts to the Commissioner. To satisfy this burden, the Commissioner must establish that the claimant has the residual functional capacity, considering the claimant's age, education, work experience, and impairments, to perform alternative jobs that exist in the national economy. 42 U.S.C. § 423(d)(2)(A); see also McLain v. Schweiker, 715 F.2d 866, 868-69 (4th Cir. 1983); Hall v. Harris, 658 F.2d 260, 264-65 (4th Cir. 1981); Wilson v. Califano, 617 F.2d 1050, 1053 (4th Cir. 1980). The Commissioner may carry this burden by obtaining testimony from a vocational expert. Grant v. Schweiker, 699 F.2d 189, 192 (4th Cir. 1983).

---

[2] The court observes that effective August 24, 2012, ALJs may engage in an expedited process which permits the ALJs to bypass the fourth step of the sequential process under certain circumstances. 20 C.F.R. § 404.1520(h).

**ADMINISTRATIVE PROCEEDINGS**

In December 2015, Goodman applied for DIB, alleging disability beginning August 15, 2011. Goodman's application was denied initially and upon reconsideration, and he requested a hearing before an ALJ. A video hearing was held on January 23, 2018, at which Goodman appeared and testified and was represented by Christi B. McDaniel, Esquire. After hearing testimony from a vocational expert, the ALJ issued a decision on April 17, 2018 finding that Goodman was not disabled from August 15, 2011 through December 31, 2016, the date last insured. (Tr. 15-35.)

Goodman was born in 1971 and was forty-five years old on his date last insured. He has a high school education and past relevant work experience as a truck driver. (Tr. 197.) Goodman alleged disability due to post-traumatic stress disorder, sarcoidosis, joint pain, muscle pain, high blood pressure, depression, and high cholesterol. (Tr. 196.)

In applying the five-step sequential process, the ALJ found that Goodman had not engaged in substantial gainful activity since his alleged onset date of August 15, 2011 through his date last insured of December 31, 2016. The ALJ also determined that, through the date last insured, Goodman's obesity; spine disorder; dysfunction of major joints; posttraumatic stress disorder ("PTSD") with alcohol use disorder; and history of sarcoidosis were severe impairments. However, the ALJ found that, through the date last insured, Goodman did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (the "Listings"). The ALJ further found that, through the date last insured, Goodman retained the residual functional capacity to

> perform light work as defined in 20 CFR 404.1567(b) with some non-exertional limitations. The claimant was capable of lifting and/or carrying 20 pounds occasionally and 10 pounds frequently. He was capable of standing and/or walking at least 6 hours in an 8-hour workday and sitting about 6 hours in an 8-hour

> workday. He could never climb ladders, ropes and scaffolds, and occasionally climb ramps and/or stairs, balance, stoop, kneel, crouch and crawl. He had to avoid concentrated exposure to temperature extremes, humidity, fumes, odors, dusts, gases, and other respiratory irritants and workplace hazards. He was limited to unskilled work defined as performing simple, routine and/or repetitive tasks in 2-hour increments with customary breaks to complete an 8-hour workday. He was further limited to no work activity interaction with the public; non-work activity incidental contact was allowed.

(Tr. 17-18.) The ALJ found that, through the date last insured, Goodman was unable to perform any past relevant work, but that considering Goodman's age, education, work experience, and residual functional capacity, there were jobs that existed in significant numbers in the national economy that Goodman could perform. Accordingly, the ALJ found that Goodman was not disabled from August 15, 2011 through the date last insured of December 31, 2016.

The Appeals Council denied Goodman's request for review on January 15, 2019, thereby making the decision of the ALJ the final action of the Commissioner. (Tr. 1-5.) This action followed.

## STANDARD OF REVIEW

Pursuant to 42 U.S.C. § 405(g), the court may review the Commissioner's denial of benefits. However, this review is limited to considering whether the Commissioner's findings "are supported by substantial evidence and were reached through application of the correct legal standard." Craig v. Chater, 76 F.3d 585, 589 (4th Cir. 1996); see also 42 U.S.C. § 405(g); Coffman v. Bowen, 829 F.2d 514, 517 (4th Cir. 1987). Thus, the court may review only whether the Commissioner's decision is supported by substantial evidence and whether the correct law was applied. See Brown v. Comm'r Soc. Sec. Admin., 873 F.3d 251, 267 (4th Cir. 2017); Myers v. Califano, 611 F.2d 980, 982 (4th Cir. 1980). "Substantial evidence" means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion; it consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance." Craig,

76 F.3d at 589; see also Pearson v. Colvin, 810 F.3d 204, 207 (4th Cir. 2015). In reviewing the evidence, the court may not "undertake to re-weigh conflicting evidence, make credibility determinations, or substitute [its] judgment for that of the [Commissioner]." Craig, 76 F.3d at 589; see also Hancock v. Astrue, 667 F.3d 470, 472 (4th Cir. 2012). Accordingly, even if the court disagrees with the Commissioner's decision, the court must uphold it if it is supported by substantial evidence. Blalock, 483 F.2d at 775.

## ISSUE

Goodman states that the sole issue he raises for this judicial review is "whether or not the Commissioner erred in finding that the Plaintiff was not disabled prior to his date last insured of December 31, 2016." (Pl.'s Br. at 1, ECF No. 15 at 1.)

## DISCUSSION[3]

A claimant's residual functional capacity ("RFC") is "the most [a claimant] can still do despite [his] limitations" and is determined by assessing all of the relevant evidence in the case record. 20 C.F.R. § 404.1545(a)(1). In assessing residual functional capacity, an ALJ should scrutinize "all of the relevant medical and other evidence." 20 C.F.R. § 404.1545(a)(3). Social Security Ruling 96-8p further requires an ALJ to reference the evidence supporting her conclusions with respect to a claimant's residual functional capacity. Further, "remand may be appropriate . . . where an ALJ fails to assess a claimant's capacity to perform relevant functions, despite contradictory evidence in the record, or where other inadequacies in the ALJ's analysis frustrate

---

[3] The court notes that numerous social security regulations and social security rulings (SSRs) have changed effective March 27, 2017. However, these changes specifically state that they are applicable to claims filed *on or after* March 27, 2017. See, e.g., 20 C.F.R. §§ 404.1513, 404.1527. Because the instant claim was filed before that time, all references in the instant Order are to the prior versions of the regulations and SSRs in effect at the time Goodman's application for benefits was filed, unless otherwise specified.

meaningful review." Mascio v. Colvin, 780 F.3d 632, 636 (4th Cir. 2015) (quoting Cichocki v. Astrue, 729 F.3d 172, 177 (2d Cir. 2013)) (alterations in original); see also Monroe v. Colvin, 826 F.3d 176, 188 (4th Cir. 2016).

Here, Goodman first argues that the hypothetical conveyed to the vocational expert did not include all the limitations detailed in Goodman's residual functional capacity. Specifically, Goodman points out that the hypothetical question to the vocational expert indicated that the individual was limited in part to "unskilled work" (Tr. 60); however, Goodman's residual functional capacity indicated that he was limited in part to "unskilled work defined as performing simple, routine and/or repetitive tasks in 2-hour increments with customary breaks to complete an 8-hour workday." (Tr. 21.) The Commissioner argues that the residual functional capacity detailed in the decision is simply an explanation of the regulatory definition of "unskilled work."

Careful review of the applicable regulations and rulings does not fully support the Commissioner's argument. The Commissioner relies on SSR 96-9p and SSR 85-15, which indicate that the mental activities generally required by "unskilled work" include understanding, remembering, and carrying out simple instructions; making simple work-related decisions; responding appropriately to supervision, co-workers, and usual work situations; and dealing with changes in a routine work setting. See SSR 96-9p, 1996 WL 374185, at *9; SSR 85-15, 1985 WL 56857 at *4. The regulations define "unskilled work" as "work which needs little or no judgment to do simple duties that can be learned on the job in a short period of time." 20 C.F.R. § 404.1568(a). Thus, contrary to the Commissioner's argument, the inclusion of further limitations for "unskilled work" in the ALJ's decision appears to result in a more restrictive residual functional capacity than the regulatory definition of "unskilled work." See, e.g., Weldon v. Colvin, No. 7:17-CV-00015-BO, 2016 WL 1060241, at *3 (E.D.N.C. Mar. 14, 2016) (noting that "simple, routine,

repetitive work is a narrower category, meaning greater limitations, tha[n] unskilled work") (citing McClendon v. Astrue, No. 1:10CV 411, 2012 WL 13525 (M.D.N.C. Jan. 4, 2012); Teeter v. Astrue, No. 3:12-CV-190-GCM, 2012 WL 5405531 (W.D.N.C. Nov. 6, 2012)). Accordingly, the ALJ's hypothetical question to the vocational expert was legally insufficient because it failed to include—without any explanation by the ALJ—the ALJ's finding that Goodman was limited to "simple, routine and/or repetitive tasks" and meaningful review is frustrated. See Mascio, 780 F.3d at 636. Further supporting this conclusion is that, in finding that Goodman had no more than moderate limitations in concentrating, persisting, or maintaining pace, the ALJ stated that the records pertaining to this area supported limiting Goodman to simple, routine, and repetitive work. (See Tr. 20.) While this error may ultimately not change the ALJ's decision, without testimony from a vocational expert after considering these more restrictive limitations, the court is simply unable to determine whether the Commissioner's decision is supported by substantial evidence.

In light of the court's recommendation that this matter be remanded for further consideration, the court need not address Goodman's remaining arguments, as they may be rendered moot on remand. See Boone v. Barnhart, 353 F.3d 203, 211 n.19 (3d Cir. 2003) (remanding on other grounds and declining to address claimant's additional arguments). Moreover, if necessary, Goodman may present his remaining arguments concerning the ALJ's alleged errors on remand.

**ORDER**

Based on the foregoing, it is hereby

**ORDERED** that the Commissioner's decision be reversed pursuant to sentence four of 42 U.S.C. § 405(g) and that the case be remanded to the Commissioner for further consideration as discussed above.

**IT IS SO ORDERED.**

January 3, 2020
Columbia, South Carolina

Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE